Argued and submitted April 19, affirmed June 5, 1991

In the Matter of the Compensation of
Ralph J. Davis, Claimant.

FRERES LUMBER CO.,
*Petitioner,*

*v.*

Ralph J. DAVIS,
Young & Morgan
and Liberty Northwest Insurance,
*Respondents.*

(WCB 88-16048, 88-20680; CA A66812)

812 P2d 441

Jerry K. Brown, McMinnville, argued the cause for petitioner. With him on the brief was Cummins, Brown, Goodman, Fish & Peterson, P.C., McMinnville.

Willard E. Fox, Salem, argued the cause for respondent Davis. With him on the brief was Allen, Stortz, Fox, Susee & Olson, Salem.

Stafford Hazelett, Portland, argued the cause for respondents Young & Morgan and Liberty Northwest Insurance Corporation. With him on the brief was Davis and Bostwick, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Freres Lumber Co. (Freres) seeks review of an order of the Workers' Compensation Board reversing the referee and holding that it, and not Young & Morgan (Y & M), is responsible for claimant's low back condition.

Claimant injured his low back in February, 1984, while working for Freres as a heavy equipment mechanic. He had a preexisting degenerative disc disease. Dr. Melgard, a neurologist, confirmed that his low back problems were due to the injury. Claimant lost two weeks of work and then returned to modified work for about five weeks, when he was terminated. He began to work for Y & M in September, 1984, as a heavy equipment mechanic. The claim against Freres was accepted and closed by a determination order in November, 1984.

Claimant has not been pain free since the 1984 injury. The pain has gradually spread from his low back to his hips. He has missed time from work as a result. X-rays taken in November, 1987, showed, in the doctor's words, "no significant changes" since 1984. In July, 1988, Melgard requested an MRI, which showed "bulging disks at L2 through S1 without significant neural impingement." Claimant filed an aggravation claim with Freres and a new claim with Y & M. Both denied compensability and responsibility. The referee and the Board found that claimant's condition was compensable by Freres as an aggravation of the 1984 injury.

■ Freres contends, first, that the Board's finding is not supported by substantial evidence. There is substantial evidence to support the Board's conclusion that claimant's employment with Y & M did not independently contribute to his back condition. The opinions of Melgard and Western Medical Consultants support the view that, although claimant's symptoms have become disabling, they do not represent a change in the underlying condition.

■ Freres also argues that the Board applied an incorrect standard of proof. In support of its conclusion that Freres did not establish that the employment at Y & M independently contributed to his condition, the Board said:

> "Although we note that claimant has bulging discs at L2 through S1, we do not find such changes significant. X-rays

and CAT scans were done by Salem Hospital in April 1984 and November 1987. The November 1987 report stated that appearances had not changed significantly since April 1984. Also, the Western Medical Consultants compared x-rays dated March 6, 1984, June 22, 1988 and December 7, 1988 and found that they all showed similar findings. The only MRI was done in June 1988. It showed bulging discs at L2 through S1 without significant neural impingement. Thus, taking the diagnostic tests as a whole, we do not find that claimant's bulging discs represent a pathological worsening of claimant's condition by [the employment at Y & M]."

Freres contends that that shows that the Board improperly applied a "significant" change standard of proof, when all that had to be shown was *any* change in the underlying condition.

The argument is not well taken. It is clear from the Board's opinion that it applied the correct test. In the quoted paragraph, the Board simply discusses medical reports that show that the changes in claimant's condition are not *clinically* significant. It was proper for the Board to rely on that evidence to support its conclusion that Freres had not established that the employment at Y & M had independently contributed to a worsening of his condition.

Affirmed.